**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **Criminal No. 1:16cr61-HSO-JCG-1** |
| | § | |
| | § | |
| **THOMAS LEPRE** | § | |
| **a/k/a Lenny Lepre** | § | |

**ORDER DENYING DEFENDANT THOMAS LEPRE'S
[22] MOTION TO DISMISS INDICTMENT**

**BEFORE THE COURT** is the Motion [22] to Dismiss Indictment filed by

Defendant Thomas Lepre. The Government has filed a Response [28] in opposition

to the Motion [22]. After due consideration of the record, the submissions on file,

and relevant legal authority, the Court finds that the Motion [22] should be denied.

I. BACKGROUND

On August 23, 2016, a Grand Jury returned a five-count Indictment [1] in

this case against Defendant Thomas Lepre ("Defendant" or "Lepre"). All five counts

charge Defendant with wire fraud in violation of 18 U.S.C. §§ 1343 and 2. This

matter is set for a jury trial commencing on July 10, 2017.

On May 15, 2017, Defendant filed a Motion [22] to Dismiss the Indictment

pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), on grounds that the

Indictment "is unconstitutionally vague and fails to state an offense in violation of

the Fifth and Sixth Amendments of the United States Constitution." Mot. [22] at 1.

Defendant asserts that because the Indictment purportedly fails to describe the

alleged scheme and fails to identify any statements made by Defendant to anyone, "[t]he resulting omissions fail to satisfy the constitutional requirements of the Fifth and Sixth Amendments, and render the indictment unconstitutionally vague." Mem. [23] at 2. Defendant further contends that the Indictment is vague because it does not identify the alleged false statements with particularity. *Id.* at 2-3.

According to Defendant, (1) the Indictment "fails to identify a critical element of the wire fraud offense—the alleged materially false representations made in furtherance of the purported scheme," which would support a wire fraud charge, *id.* at 3; and (2) the allegations in the Indictment are vague and conclusory and fail to provide sufficient notice to Defendant such that he may prepare a defense, *id.* Defendant maintains that the Indictment "merely tracks the statutory language; it provides no details as to the specific false statements the grand jury found and the government intends to prove at trial," which is insufficient to state a cognizable wire fraud charge. *Id.* at 5.

The Government responds that the Indictment "comports with existing federal law regarding its constitutional sufficiency and notice to the defendant." Resp. [28] at 2. "Not only does the indictment in issue track the statutory language of the offense charged, [it] describes in detail the specific components of the scheme and artifice to defraud" by Defendant, *id.*, and "articulates with great specificity the nature and components of each of Counts 1—5 charging the Defendant with the crime of wire fraud under 18 U.S.C. § 1343," *id.* at 3. The Government argues that the Indictment "need not set forth every evidentiary detail necessary to establish

the elements of the offense . . . ." *Id.* (quoting *United States v. Cauble*, 706 F.2d 1322, 1334 (5th Cir. 1983)).

> In the indictment before the Court, for each count of wire fraud the essential elements of the scheme or artifice to defraud is clearly set out, and includes the illegal means to achieve the defendant's intent to defraud, and described [sic] with particularity and such specificity to protect the defendant against a subsequent prosecution for the same offense.

*Id.* at 5. For these reasons, the Government takes the position that Defendant's Motion should be denied. *Id.*

## II. DISCUSSION

### A. Relevant legal standards

"An indictment must allege each element of the charged offense, in order to insure that the grand jury finds probable cause that the defendant committed each element, to prevent double jeopardy, and to provide notice to the accused." *United States v. Bishop*, 264 F.3d 535, 545 (5th Cir. 2001). The Fifth Circuit has held that

> [a]n indictment is legally sufficient if (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense.

*United States v. Blevins*, 755 F.3d 312, 319 (5th Cir. 2014) (quotation omitted).

"Generally . . . an indictment that closely tracks the language under which it is brought is sufficient to give a defendant notice of the crimes with which he is charged." *United States v. Richard*, 775 F.3d 287, 292 (5th Cir 2014) (quotation omitted). "An indictment need not list every particular of the offense. Instead, it simply needs to allege each element of the crime in a way that allows the accused to

prepare his defense and invoke the Double Jeopardy Clause in a subsequent proceeding." *Id.* (quotation omitted).

"[T]he validity of an indictment is governed by practical, not technical considerations." *United States v. Rainey*, 757 F.3d 234, 247 (5th Cir. 2014) (quotation omitted). An indictment that "tracks the language of the statute and additionally provides . . . factual allegations that permit of no misapprehension as to the elements of the offense charged" is sufficient. *Id.* at 248.

"[I]t is not necessary for an indictment to go further and to allege in detail the factual proof that will be relied upon to support the charges," *United States v. Caldwell*, 302 F.3d 399, 412 (5th Cir. 2002), as "the indictment need not provide [a defendant] with the evidentiary details by which the government plans to establish his guilt," *United States v. Gordon*, 780 F.2d 1165, 1172 (5th Cir. 1986). "[A] defendant's constitutional *right* to know the offense with which he is charged must be distinguished from a defendant's *need* to know the evidentiary details establishing the facts of such offense, which can be provided through a motion for bill of particulars." *Id.* (emphasis in original).

B.    Wire fraud charge under 18 U.S.C. § 1343

Defendant is charged with five counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2. Indictment [1] at 1-3. Section 1343 provides in relevant part that,

> [w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures,

or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1343.

"To support a wire fraud conviction, the government must prove: (1) a scheme to defraud; (2) the use of, or causing the use of, wire communications in furtherance of the scheme; and (3) a specific intent to defraud." *United States v. Harris*, 821 F.3d 589, 598 (5th Cir. 2016) (citation omitted). "[I]n order to show a scheme to defraud, the government has to prove that the defendant made some kind of a false or fraudulent material misrepresentation." *Id.* (quotation omitted).

C.    The Indictment is legally sufficient.

As for all five counts, the Indictment in this case charges that Defendant,

aided and abetted by others known and unknown to the Grand Jury, intentionally devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and in furtherance thereof, did cause to be transmitted by means of wire or radio communications in interstate commerce, certain wire communications and writings, signs, signals, pictures, or sounds, for the purpose of executing the scheme.

Indictment [1] at 1-2.

The Indictment asserts that it was part of the scheme and artifice to defraud, and in order to accomplish Defendant's fraudulent purposes, (1) that Defendant made materially false and fraudulent representations and solicited significant sums of money from investors and clients, purportedly for funding of commercial services and for investments, but that Defendant converted investors' and client borrowers' monies to Defendant's own use and possession, using the funds inconsistently with

5

the representations he had made to the investors and clients; (2) that Defendant

would unjustly enrich himself by deceiving individuals who had relied on him to

make sound and secure loans and investments by instead either secretly converting

their investment and earnest monies to his own personal use and enjoyment, all the

while intending to deceive or lull his investors and clients into believing that the

loans were properly sought; and (3) that through both oral and written

representations, Defendant provided investors and clients with false and misleading

information regarding alleged promissory notes, security agreements, and specific

guaranties, and concealed, misrepresented, and hid, and caused to be concealed,

misrepresented, and hidden, the existence, purpose, and acts done in furtherance of

the scheme. *Id.* at 2.

The Indictment further alleges that, for the purpose of executing this scheme,

Defendant caused to be transmitted by wire communication in interstate commerce

certain writings, signals, pictures, and sounds by means of a wire transfer from

outside the State of Mississippi to a bank account at Wells Fargo Bank in Ocean

Springs, Mississippi, each constituting a separate count:  (1) a March 5, 2013, wire

transfer in the amount of $65,795.00; (2) a March 19, 2013, wire transfer in the

amount of $62,000.00; (3) a May 10, 2013, wire transfer in the amount of

$27,294.00; (4) a May 24, 2013, wire transfer in the amount of $250,000.00; and (5)

a June 10, 2013, wire transfer in the amount of $114,000.00.  *Id.* at 3.

Each count of the Indictment closely tracks the language of 18 U.S.C. § 1343

and also provides sufficient factual material to permit no misapprehension as to the

elements of the wire fraud offenses charged. *See Richard*, 775 F.3d at 292; *Rainey*,

757 F.3d at 247. As to all five counts, the Indictment contains allegations of (1) a

scheme to defraud, including that Defendant made a false or fraudulent

representation; (2) the causing the use of wire communications in furtherance of the

scheme; and (3) a specific intent to defraud. The Indictment therefore sets forth all

essential elements of a wire fraud prosecution. *See Harris*, 821 F.3d at 598.

Defendant argues that the Indictment must identify the specific false or

fraudulent statement made as part of the scheme in order to state a cognizable wire

fraud offense. Mot. [23] at 3-5. The cases cited by Defendant on this point are

distinguishable, or actually support the Government's position that the Indictment

is legally sufficient.

In *United States v. Case*, No. 3:06cr210-TSL-LRA, 2007 WL 1746399 (S.D.

Miss. June 15, 2007), the defendants were charged with two counts of wire fraud,

but the language of the indictment as to those counts "track[ed] the language of the

wire fraud statute, adding an allegation that the means employed by defendants

were 'material.'" *Case*, 2007 WL 1746399, at *2 (footnote omitted). The indictment

did not "purport to identify any of the 'materially false and fraudulent pretenses,

representations and promises' by which the scheme was alleged to have been

carried out." *Id.* Likewise, the indictment in *United States v. Radley*, 659 F. Supp.

2d 803 (S.D. Tex. 2009), *aff'd*, 632 F.3d 177 (5th Cir. 2011), "fail[ed] to allege even a

single misrepresentation of material fact." *Radley*, 659 F. Supp. 2d at 820. *Radley*

held that "[t]he absence of any allegations of misrepresentation is fatal to the government's wire fraud counts, and they must be dismissed." *Id.*

Such is not the case here, making *Case* and *Radley* distinguishable. The Indictment in this case sets forth allegations of false and fraudulent material pretenses, representations, and promises by Defendant. *See, e.g.,* Indictment [1] at 2 (charging that Defendant converted his investors' and client borrowers' monies to his own use and possession, using the funds inconsistently with the representations he had made to the investors and clients, and that Defendant, through both oral and written representations, provided investors and clients with false and misleading information regarding alleged promissory notes, security agreements, and specific guarantees).

*United States v. Williams*, 679 F.2d 504 (5th Cir. 1982), upon which Defendant also relies, did not involve a wire fraud charge, but a federal extortion conviction. The section of *Williams* cited by Defendant refers to another case, *United States v. Diecidue*, 603 F.2d 535 (5th Cir. 1979), and states that *Diecidue* "noted that an indictment which alleges that the accused has obtained property under false pretenses must specifically allege the false representations made." *Williams*, at 679 F.2d 509 n.6.

*Diecidue* involved conspiracy and substantive crimes under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"). *Diecidue*, 603 F.2d at 542. *Diecidue*'s discussion of false representations is in reference to an even earlier case, *United States v. Nance*, 533 F.2d 699 (D.C. Cir.

1976).  *Nance* held that while "it is proper for an indictment to be drawn in the language of the statute, . . . following the generic wording of a statute is not necessarily sufficient."  *Nance*, 533 F.2d at 701.  By relying upon a bill of particulars, "absent any allegation whatsoever in the indictment as to what the false pretenses were, the United States Attorney would have a free hand to insert the vital part of the indictment without reference to the grand jury."  *Id.*  An indictment must therefore include a fair indication of the scheme or artifice relied upon and the false pretenses forming a part of it.  *Id.* at 702 (citing *United States v. Curtis*, 506 F.2d 985, 992 (10th Cir. 1974)).

While the Indictment in this case does not contain a word-for-word recitation of what misrepresentations were made as part of the scheme, the Court is not persuaded that the case law cited by Defendant requires such specificity.  The Indictment divulges the factual basis of the allegations against Defendant and includes a fair indication of the alleged false and fraudulent pretenses, representations, and promises forming the scheme and artifice to defraud.  The Indictment need not include every detail of the factual proof that will be relied upon to support the charges or the evidentiary details by which the Government plans to establish Defendant's guilt.  *See Caldwell*, 302 F.3d at 412; *Gordon*, 780 F.2d at 1172.  The Indictment here is sufficient to give Defendant notice of the crimes with which he is charged, to allow him to prepare his defense, and to permit him to invoke the Double Jeopardy Clause in any subsequent proceeding.  *See Richard*, 775

F.3d at 292.  In sum, Defendant's Motion to Dismiss is not well taken and will be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [22] to Dismiss Indictment filed by Defendant Thomas Lepre is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 14th day of June, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE